| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |

------------------------------------------------------X

In re:

MAD LO LO LLC d/b/a
FREDERICK'S MADISON

                Debtor.

Chapter 11

Case No. 09-11911 (MG)

------------------------------------------------------X

## MEMORANDUM OPINION & ORDER DENYING MOTION TO LIFT THE AUTOMATIC STAY

Tirn Realty Corp. ("Tirn Realty"), the landlord of commercial premises in Manhattan, filed this motion either to declare the automatic stay inapplicable to a summary nonpayment proceeding pending in civil court, or, in the alternative, to lift the automatic stay to permit it to proceed with executing a warrant of eviction against the Debtor, the lessee of the premises. (ECF Doc. #23.) Tirn Realty obtained a prepetition judgment of possession and warrant of eviction. The Debtor opposed the motion. (ECF Doc. #28.) A hearing was held on May 27, 2009. For the reasons explained below, the motion is denied but the automatic stay is lifted to permit the Debtor to return to state court to seek to vacate the warrant of eviction. Additionally, in order to maintain the stay in effect, the Debtor is required to pay current monthly rent in two installments, one half on the first and the other half on the fifteenth day of each month.

## BACKGROUND

The Debtor operates a "modern, upscale Mediterranean restaurant which offers casually elegant dining throughout the day and evening." (ECF Doc. #28 at ¶ 5.) The Debtor and Tirn Realty entered into the 12-year commercial lease on February 1, 2005. The lease is scheduled to expire in December 2016, and provides for monthly rent of $41,523.63 for calendar year 2009. After a summary nonpayment proceeding was initiated in civil court for failure to pay rent, the

court entered a default judgment of possession in favor of Tirn Realty.  A warrant of eviction issued on March 17, 2009, and Debtor's eviction was scheduled for March 27, 2009.  (ECF Doc. #23 Ex. B.)  On March 26, by an order to show cause returnable April 14, 2009, the Debtor, seeking to vacate the warrant, obtained a stay of the execution of the warrant from the civil court.[1]  On April 13, the Debtor filed its chapter 11 petition.  The order to show cause was taken off-calendar pending a ruling from this Court whether the automatic stay applies.  The Debtor remains in possession of the premises and continues to operate its business.

As of the May 27 hearing, the Debtor was approximately two weeks—or $20,000—in arrears on post-petition rent.  The Debtor also owes $246,618.27 in prepetition rent.  Tirn Realty currently holds a security deposit of at least $152,000.  The Debtor asserts that it has substantially improved the premises; it now values the leasehold at more than $270,000.[2]  The Debtor also asserts that its business has improved dramatically with the advent of warm weather, and it expects business to improve even more in the coming weeks when its chief competitor, another restaurant serving a similar client base, closes at the end of June.

## DISCUSSION

Tirn Realty bases its motion on two arguments:  (1) the issuance of the warrant of eviction severs the landlord-tenant relationship, so the automatic does not apply; and (2) even if the Debtor has an equitable interest in the property such that the automatic stay applies, the Debtor's failure to pay post-petition rent establishes cause to lift the automatic stay under § 362(d)(1).

---

[1] The Debtor asserts that the civil court stay remains in full force and effect.  (ECF Doc. #28 ¶ 21.)

[2] It was not made clear at the hearing what portion of the improvements are fixtures that would belong to Tirn Realty in the event the Debtor was evicted, and what portion would belong to the Debtor.

2

### A. The Debtor Retains an Equitable Possessory Interest in the Premises

The Court recently addressed whether a debtor retains an equitable interest in rental property even if a warrant of eviction is issued pre-petition in *In re Griggsby*, 404 B.R. 83 (Bankr. S.D.N.Y. 2009). As the Court stated, "In New York, RPAPL § 749(3) governs the effect of a warrant issued pursuant to a judgment of possession." *Id.* at 91.

Section 749(3) provides as follows:

> 3. The issuing of a warrant for the removal of a tenant cancels the agreement under which the person removed held the premises, and annuls the relation of landlord and tenant, *but nothing contained herein shall deprive the court of the power to vacate such warrant for good cause shown prior to the execution thereof*. Petitioner may recover by action any sum of money which was payable at the time when the special proceeding was commenced and the reasonable value of the use and occupation to the time when the warrant was issued, for any period of time with respect to which the agreement does not make any provision for payment of rent.

N.Y. REAL PROP. ACT. & PROC. L. § 749(3) (McKinney 2008) (emphasis added).

In *Griggsby*, a case involving a residential property lease, the Court analyzed the interrelationship between RPAPL § 749(3) and the automatic stay when a warrant of eviction issued prepetition but the debtor remained in possession of the premises. The Court concluded that while "[t]he issuance of a warrant of eviction severs the landlord-tenant relationship," the debtor's possessory interest in the property can support sustaining the automatic stay. 404 B.R. at 92 (citing *48th Street Steakhouse, Inc. v. Rockefeller Group, Inc. (In re 48th Street Steakhouse)*, 835 F.2d 427, 430 (2d Cir. 1987) ("Indeed, a mere possessory interest in real property, without any accompanying legal interest, is sufficient to trigger the protection of the automatic stay.")). Further, even though the automatic stay may apply, "the debtor must return to the state court for relief if the debtor wants the landlord-tenant relationship reinstated; the bankruptcy court cannot reinstate the landlord-tenant relationship." *Id.* (citing *In re Marcano*, 288 B.R. 324, 338 (Bankr.

3

S.D.N.Y. 2003) ("Notwithstanding the issuance of a warrant, the tenant still retains 'an equitable interest in the property, and the potential to reinstate the landlord-tenant relationship.' The . . . state court retains the ability to vacate the warrant and order a tenant reinstated at least until actual execution of the warrant. In appropriate cases, bankruptcy courts have continued the automatic stay of § 362 in order to give the tenant an opportunity to seek an order from the state court vacating a warrant of eviction.")). Finally, relying on the bankruptcy court's ruling in *Éclair Bakery*, the Court concluded that an equitable possessory interest may arise "if, among other circumstances, a court issues a warrant of eviction but stays its execution to permit the tenant to cure before eviction." *Id.* (citing *In re Éclair Bakery*, 255 B.R. 121, 133-34 (Bankr. S.D.N.Y. 2000)).

Tirn Realty argues that *Griggsby* should not control because *Griggsby* involved a lease of residential property, while this case involves a lease of commercial property, thereby implicating the exception to the automatic stay in § 362(b)(10).[3] Rather, Tirn Realty argues that the Court should follow the district court's ruling in *In re Policy Realty Corp.*, 242 B.R. 121 (S.D.N.Y. 1999), and find that because the landlord-tenant relationship was severed, under § 362(b)(10), the automatic stay does not apply to the summary eviction proceeding, notwithstanding the Debtor's equitable possessory interest in the property.

In *Policy Realty*, the landlord terminated a lease with a tenant for failure to pay rent and sent a termination notice to its tenant. Policy Realty, the subtenant on the lease, commenced an action by order to cause in state court, seeking monetary damages and injunctive relief to prevent the termination of the lease, as well as a temporary restraining order pending a hearing. The state court issued the TRO and tolled the termination notice pending a hearing on Policy Realty's

---

[3] Section 362(b)(10) provides in full: the automatic stay does not apply to "any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of a stated term of the lease before the commencement of or during a case under this title to obtain possession of such property."

4

motion, scheduled for September 16, 1998. The landlord moved in the Appellate Division, First Department, to vacate the toll. On September 3, 1998, the First Department granted the application to vacate the toll, unless Policy Realty posted a $500,000 bond by September 9. Unable to post the bond, Policy Realty filed for bankruptcy on September 9, 1998, just before the TRO was scheduled to expire. The bankruptcy court then denied the landlord's motion seeking to declare that the automatic stay did not apply to the eviction proceeding.

The district court reversed, concluding that the automatic stay did not apply to the toll. 242 B.R. at 127. Specifically, the court found that the state court's tolling of the termination notice was not a judicial action or proceeding covered by § 362(a). *Id.* at 126. The court reasoned that the toll was analogous to any other time limitation toll and was not stayed by the automatic stay. *Id.* at 126-27. Furthermore, the court held that an exception to the automatic stay under § 362(b)(10) applied, because the termination notice sent by the landlord constituted an expiration of "the stated term of the lease." *Id.* at 128. The court reasoned that under New York law, a conditional termination notice satisfied § 362(b)(10), because "the lease is terminated when the time expires, rather than on any further act by the landlord." *Id.* The state court's toll merely tolled the termination date, and did not in any way impact the landlord-tenant relationship. *Id.* The court therefore concluded that the sublease was not property of the estate under § 541(b) and was not subject to the automatic stay under § 362(a) and § 362(b)(10).

*Policy Realty* is distinguishable for several reasons. First, Policy Realty was not in possession of the premises at the time of the bankruptcy filing, and, therefore, Policy Realty's argument that it had an equitable possessory interest was "totally without support." *Id.* at 129. Second, the landlord did not enter into the lease with Policy Realty; rather, Policy Realty was a subtenant with another entity in between. The landlord was not seeking to terminate a contract

5

with the debtor, but with another party. Therefore, it is unclear whether the automatic stay would have applied to that action to begin with. Third, *Policy Realty* was procedurally different from this case. It does not appear that that landlord in that case had obtained a prepetition judgment of possession or warrant of eviction, and the district court did not consider the effect of RPAPL § 749(3) and the cases determining that a debtor that remains in possession of the leasehold premises may be entitled to a continuation of the stay to permit the debtor to return to state court seeking to have the warrant vacated and the landlord-tenant relationship reinstated.[4]

Here, the state court did not toll a termination notice; rather, it stayed a warrant of eviction obtained by default. The Court concludes that under these circumstances § 362(b)(10) does not apply, because the Debtor's lease did not expire on its stated terms and the Debtor remains in possession of the premises. *See* 3 COLLIER'S ON BANKRUPTCY ¶ 362.05[10] (15th rev. ed. 2008) ("Leases completely terminated prepetition should not be considered property of the estate because the debtor retains no legal or equitable interest after termination, *except perhaps possession, to which the automatic stay would apply*.") (emphasis added). Since the Debtor remains in possession, the Debtor maintains an equitable possessory interest that is property of the estate and is subject to the automatic stay, pending a ruling from the civil court whether to vacate the warrant of eviction and reinstate the landlord-tenant relationship.

---

[4] Tirn Realty also relies on *In re Neville*, 118 B.R. 14 (Bankr. E.D.N.Y. 1990), for the same proposition as *Policy Realty*. In *Neville*, the debtor filed for bankruptcy after numerous appeals and stays of the warrant of eviction, and after the state court issued a judgment on the merits that the warrant should issue. The bankruptcy court ruled that the state-court order was entitled to preclusive effect in the bankruptcy court, and the lease terminated by its own terms prepetition, therefore bringing it under the § 362(b)(10) exception to the automatic stay. *Id.* at 17. As with *Policy Realty*, the bankruptcy court did not discuss the applicability of RPAPL § 749(3) to the proceedings before it. Here, in contrast, the Debtor has not yet had a chance to litigate whether the warrant of eviction should be vacated as expressly authorized by RPAPL § 749(3). *Neville* is inapplicable to the facts of this case.

6

B.   **Provided the Debtor Meets Its Current Rent Obligations Under the Conditions Set Forth Below, There Is No Cause Under § 362(d)(1) to Lift the Automatic Stay**

The failure to pay post-petition rent may also serve as grounds for lifting the automatic stay. *See In re Taylor*, 1997 WL 642559, at *1 (S.D.N.Y. Oct. 16, 1997). Currently, the Debtor is two weeks behind in post-petition rent (although it has maintained other post-petition obligations). In addition, while Tirn Realty holds a substantial security deposit, the deposit is smaller than the amount of past due prepetition rent.[5] Tirn Realty will not be adequately protected if the Debtor falls further behind on its post-petition rent obligations. The Debtor stated during oral argument that he anticipated paying half of June's rent by June 1, and the other half by June 15. The Court will hold the Debtor to its word, and if either payment is not made by those two dates, Tirn Realty will be permitted to return to this Court on three business-days' notice to seek relief from the automatic stay for failure to pay post-petition rent. Likewise, for subsequent months, the Debtor must pay half of each month's rent by the first of each month, and the balance of the rent by the fifteenth of each month.

## CONCLUSION

Applying the *Griggsby* analysis, the Court concludes that the Debtor retains a possessory interest sufficient to justify continuing the automatic stay while the Debtor returns to state court seeking to vacate the warrant of eviction. Provided that the Debtor takes all reasonable steps within ten days to restore the state court matter to the active calendar, the stay will remain in effect until the state court reaches its decision. If the warrant of eviction is vacated, the stay will remain in effect thereafter. If the state court declines to vacate the warrant, the stay shall be

---

[5] In all likelihood, Tirn Realty will be entitled to setoff prepetition rent arrears against the security deposit, which would exhaust the security deposit and leave a deficiency claim. *See* 5 COLLIER'S ON BANKRUPTCY ¶ 553.03[c][iii] ("[A] landlord may offset a security deposit against a claim for prepetition rent, even though state law provides that the lessee retains title to the deposit and that the landlord must hold it in trust in a separate account.").

dissolved forthwith.  Alternatively, if the Debtor fails to pay post-petition rent as provided above, Tirn Realty may seek relief from the stay on three business-days' notice.

**IT IS SO ORDERED.**

Dated: New York, New York
      May 28, 2009

/s/ Martin Glenn_____
MARTIN GLENN
United States Bankruptcy Judge